# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CLARENCE L. DUNSON,**

    **Plaintiff,**

vs.                                   **Case No. 4:11cv503-WS/WCS**

**DR. L.D. HOANG, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.  Plaintiff did not pay the filing fee, nor did he submit an *in forma pauperis* motion with the complaint.  Nevertheless, because Plaintiff is incarcerated at Union Correctional Institution, which is within the jurisdiction of the Middle District of Florida, I have reviewed the complaint.

Plaintiff's claims are against various officials and medical staff employed at Union Correctional Institution, in Raiford, Florida.  Doc. 1.  Plaintiff and all the Defendants are located at Union C.I.  *Id.*  Therefore, because the events at issue in this case and all parties are located in the Middle District of Florida, the proper forum for this action

pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 6, 2011.


      s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:11cv503-WS/WCS